United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40429
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO SANCHEZ-JAIMES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2001-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Antonio Sanchez-Jaimes (Sanchez) pleaded guilty to one count
of reentering the United States without permission after having
been deported. As Sanchez's prior deportation followed an
aggravated felony conviction, he was subject to the increased
penalty provisions of 8 U.S.C. § 1326(b). Sanchez contends that
the treatment of felonies and aggravated felonies as sentencing
factors under § 1326(b)(1) and (2) is unconstitutional in light
of Apprendi v. New Jersey, 530 U.S. 466 (2000), and that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be resentenced subject to the two-year maximum set forth in § 1326(a).

Sanchez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Sanchez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Sanchez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, the judgment of the district court is AFFIRMED.